HERBERT D. HARRIS *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

DECEMBER 13, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J.   This is an action of assumpsit to recover a
death payment under a family policy of life insurance.
After a hearing before a justice of the superior court sit-
ting without a jury, a decision was entered for the plain-
tiff.   The case is before us on the defendant's exception to
such decision.

In November 1958 Harold J. Gildea, defendant's agent,
solicited plaintiff about the purchase of life insurance.   On
November 18, 1958 plaintiff signed an application for a
"family policy" in which he listed as proposed family mem-
bers his wife, two sons and a daughter, and two grandchil-
dren, Brian R. Watts and Ronald J. Watts.   The agent
filled out the application with information furnished by
plaintiff.   The grandchildren were each described in the
application as "Grandson."   They were living with plain-
tiff when the application was signed and when the policy
was issued.

Part A of the application is entitled "Statements to Com-
pany's Agent."   Paragraph (a) thereof reads as follows:

> "Proposed Family Members (Applicant, Applicant's
> Wife and Applicant's Children).   All children, step-
> children and legally adopted children of the Applicant
> who are under 18 years of age should be proposed for
> coverage; however, no insurance shall be provided on
> children until 14 calendar days have elapsed after
> birth."

On February 5, 1959 defendant issued a policy to plain-
tiff, with a copy of the application attached and made a
part thereof.   The policy provides insurance benefits of
$5,000 on the life of plaintiff, $1,000 on the life of plaintiff's
wife, and $1,000 on each "Covered Child" as defined in the
policy.   The policy defines "Covered Child" as follows:

"The phrase 'Covered Child' means a child who is more than 14 days of age and has not passed his or her 25th birthday, and who is a child or stepchild of the Insured by marriage or legal adoption either.

"a. Named in the application and has not had his or her 18th birthday on or before the date of the application, or

"b. Acquired on or after the date of the application and before the policy anniversary nearest the Insured's 60th birthday and before the child's 18th birthday."

The policy describes the plaintiff as the "Insured." He is also designated as the beneficiary, if living, of the proceeds payable in the event of the death of his wife or of any of those covered under the phrase "Each Covered Child."

On October 24, 1959, Brian R. Watts, one of the grandchildren designated in the application, died in Paragould, Arkansas, at the age of two years and ten months. The plaintiff demanded payment from the defendant of the sum of $1,000 under the policy. The defendant disclaimed liability on the ground that plaintiff's deceased grandson was not a "Covered Child" under the terms of the policy.

The only question before us is whether the decision for plaintiff is justified. In the peculiar circumstances of this case, it is our opinion that plaintiff is entitled to recover. The application is admittedly a part of the policy. Both instruments were prepared by defendant whose agent, Mr. Gildea, inserted the name of the deceased grandson.

Moreover, the application contains the following provision:

"If errors or omissions in the application are discovered by the Company, it is authorized to amend this application by noting the change in the space on Page 1 entitled 'Corrections and Amendments', and the acceptance of any policy issued on this application, so amended, shall constitute a ratification by me of any such changes or amendments, but no change of amount,

classification, plan of insurance, or additional benefits shall be effective, unless agreed to in writing by me."

Although defendant was chargeable with knowledge that the name of the deceased grandson was included among the proposed family members, it attached the application to the policy and made it a part thereof without any corrections or amendments. The defendant's action in so doing amounted to affirmative conduct on its part upon which plaintiff had reason to rely. Had defendant corrected or amended the application, as it had a right to do, and, in our opinion, as it should have done, plaintiff could have changed his position accordingly instead of relying on defendant's conduct to his disadvantage.

It is our opinion that in the circumstances of this case the defendant is estopped from claiming the benefits of the exclusionary provisions of the policy. See *Personal Finance Co.* v. *Henley-Kimball Co.*, 61 R. I. 402, 411. On the view that we take there is no merit to the defendant's contentions that there was no meeting of the minds and therefore no valid contract, or that the plaintiff's acceptance and retention of the policy as issued amounted to a ratification of the exclusionary provisions of the policy with respect to the plaintiff's deceased grandson.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.